Hadley, P J.
On July 2,2014, J.B. was involuntarily admitted to the University of Massachusetts emergency room pursuant to G.L.c. 123, §12(a). He was transferred to the University of Massachusetts Psychiatric Treatment and Recovery Center (the “Hospital”) on July 3, 2014. On that date, J.B. signed an application for care and treatment on a conditional voluntary basis pursuant to G.L.c. 123, §§10 and 11.
J.B.’s application was reviewed by a physician at the Hospital. J.B. initially indicated that he did not want to be there, and that he was signing the application reluctantly. The physician who accepted the application determined that J.B. met the criteria for admission. The physician also determined that J.B. was competent to sign himself into the Hospital. The physician advised J.B. that if he wanted to leave the Hospital, he was required to give a three-day written notice of his intention to leave and that he might not be allowed to leave without a court hearing. The physician determined that J.B. understood this.
On July 7, 2014, J.B. said that he did not recall signing himself into the Hospital. He also said that he did not want to be there. On July 14, 2014, J.B. verbally gave a three-day notice of his intention to leave the Hospital. The Hospital filed a petition to commit J.B. pursuant to G.L.c. 123, §§7 and 8 on July 17, 2014.
A commitment hearing was held in the Worcester District Court on July 23, 2014. J.B., through counsel, filed a motion to dismiss the petition for commitment, asserting that his July 7, 2014 verbal statement that he did not want to be there should have been treated as notice of his intention to leave the Hospital, and that the Hospital was required to file a petition to commit him by July 10,2014 pursuant to G.L.c. 123, §11.
The motion judge found that J.B.’s July 7, 2014 verbal statement did not require the Hospital to file a petition for commitment within three days thereafter and denied the motion. A hearing was held on the petition for commitment, and an order of civil commitment pursuant to G.L.c. 123, §§7 and 8 issued. A timely notice of appeal was filed on behalf of J.B., although J.B. was subsequently discharged from the Hospital before this appeal was heard.
Because J.B. is no longer subject to the commitment order in question, his appeal is presently moot. We have discretion, however, to decide an issue that is moot “where the question is one of public importance, is very likely to arise again in similar circumstances, and where appellate review could not be obtained before the question would again be moot.” Attorney Gen. v. Commissioner of Ins., 403 Mass. 370, 380 (1988). In the circumstances presented here, appellate review is likely to take place *145 after the expiration of an order of commitment We therefore exercise our discretion and decide the issue.
General Laws c. 123, §11 provides that before an application for voluntary admission may be accepted at a facility where the superintendent may require three days’ written notice of intention to leave, the admitting physician must “assess the person’s capacity to understand that: (i) the person is agreeing to stay or remain at the hospital; (ii) the person is agreeing to accept treatment; (iii) the person is required to provide the facility with three days written advance notice of the person’s intention to leave the facility; and (iv) the facility may petition a court for an extended commitment of the person and that he may be held at the facility until the petitioner is heard by the court. If the physician determines that the person lacks the capacity to understand these facts and consequences of hospitalization, the application shall not be accepted.”
General Laws c. 123, §11 also provides that any person retained in a facility pursuant to G.L.c. 123, §10 is free to leave at any time “upon giving written notice to the superintendent.” The superintendent, “in his discretion,” may require persons retained in a facility “to give three days written notice of their intention to leave or withdraw.” The superintendent may retain such persons at the facility beyond the expiration of the three-day notice period “if, prior to the expiration of the said three-day notice period, the superintendent files with the district court a petition for the commitment of such person at the said facility.”
Section 27.09(4) of 104 CMR similarly provides that a patient admitted on conditional voluntary admission status “shall be discharged by the facility upon his or her request, but he or she shall give three days written notice to the facility director.” With regard to the form of written notice, 104 CMR §27.06(5) provides that “[t]he form and content of such three day notice or retraction thereof shall be deemed sufficient so long as it conveys the patient’s intention, without requirement that it be on any particular form of the facility-”
Finally, 104 CMR §27.13(5) provides that “[w]riting materials and postage stamps in reasonable quantities shall be made available for use by patients [in mental health facilities]. Reasonable assistance shall be provided to patients in writing, addressing and posting letters and other documents upon request.”
In this case, J.B. did not contest the admitting physician’s determination that at the time of his voluntary admission, J.B. was competent and understood the requirement for a three-day written notice of his intention to leave the Hospital. He complains, however, that the Hospital did not act on his July 7,2014 verbal statement that he did not want to be there; did not “probe” into his statement; and failed to file a petition to commit him within three days after he made this statement.
With regard to J.B.’s verbal statement, all of the applicable statutes and regulations clearly state that it is a written notice from the patient that triggers a facility’s legal obligation to release the patient or file a petition for commitment within three days. A bald comment by a patient in a facility that he does not want to be there is not the equivalent of written notice that he intends to leave, and in any event, a superintendent of a facility has the discretion to require three days’ written notice before acting.
J.B. argues that the Hospital “could have provided J.B. with a three-day notice form or some other writing materials with which he could have made his notice in writing.” *146 He contends that by falling to provide him with the required form, the Hospital acted improperly. Although, as noted above, a facility such as the Hospital is required to furnish patients with writing materials and reasonable assistance in writing documents upon request, there was no evidence in this case that J.B. requested writing materials; or that the Hospital failed to furnish him with writing materials; or that the hospital deprived him of access to any forms.
Finally, in support of his argument that the Hospital was obligated to do more in response to his July 7, 2014 verbal statement, J.B. notes that other statutes specifically mandate particular forms of assistance to patients committed to mental health facilities. J.B. points out, as an example, that G.L.c. 123, §12 (b) requires a facility to advise an involuntarily committed patient that it will, upon request, notify the Committee for Public Counsel Services (“CPCS”) of the patient’s name and location. Even in the case of an involuntarily committed person, however, the facility’s obligation to contact CPCS arises only upon the patient’s request. Once again, in this case, although he had repeated his July 3, 2014 statement that he did not want to be there on July 7, 2014, no evidence was introduced that J.B. notified the Hospital of his intention to leave the facility, either verbally or in writing, prior to July 14, 2014. Even if the Hospital could have construed J.B.’s July 7, 2014 statement as an expression of his intention to leave the Hospital, the Hospital had discretion to require written notice.
In conclusion, in the absence of any evidence that the Hospital failed to advise J.B. of his statutory rights prior to his voluntary admission; that J.B. was not competent or did not understand his rights; or that the Hospital failed to provide him with a form or writing materials, the decision denying J.B.’s motion to dismiss was not error. The commitment order is affirmed.